UNITED STATES of America, Appellee,

v.

John R. WILLETT, Appellant.

No. 14089.

United States Court of Appeals, Fourth Circuit.

Argued June 1, 1970.

Decided Oct. 12, 1970.

John R. Willett, Alexandria, Va., for appellant.

David H. Hopkins, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on the brief) for appellee.

Before BOREMAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Attorney John R. Willett was engaged as defense attorney in a criminal prosecution pending before Judge Oren R. Lewis in the district court. At the arraignment of his client on September 17, 1969, Mr. Willett informed the court that he intended to file several motions in the case, and a hearing was set for 10 a.m. on September 24, 1969. Several days after the arraignment Mr. Willett filed motions to suppress, for a bill of particulars, and for discovery and inspection, but neither he nor his client appeared at 10 a.m. on September 24. The hearing was therefore rescheduled for 2 p.m. that afternoon. The facts are in dispute as to whether Mr. Willett was informed before the afternoon hearing that he would there be required to explain his failure to appear at the originally scheduled time,[1] but it is clear that a rule to show cause was not formally issued. At the 2 p.m. hearing the court questioned Mr. Willett as to the reasons for his absence at 10 a.m., and the attorney attempted to explain the seeming dereliction as due to a "misunderstanding." The court refused to accept the explanation and adjudged Mr. Willett guilty of contempt of court for failure to appear as scheduled and for advising his client not to appear. A fine of $25.00 was imposed. From the order of the district court denying his motions to vacate the judgment and to grant him a new hearing, Mr. Willett appeals. We reverse.

Rule 42(a) of the Federal Rules of Criminal Procedure states in part:

"(a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court."

Rule 42(b) states in part:

"(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The

1. The order of the district court originally stated that a show cause rule against Mr. Willett had been issued. This order was later amended to indicate that a show cause rule was not issued "because Mr. Willett talked to one of the deputy clerks on the telephone around one o'clock * * * and he was then told that the Court would take up the matter of his failure to appear with his client before the Court at ten o'clock, as directed, at two o'clock, and Mr. Willett said he would be there." Mr. Willett denies that he received this information from the deputy clerk, asserting he was informed only that a bench warrant had been issued for his client and that the motions would be taken up at the 2 p. m. hearing.

notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest."

■ The distinction between 42(a) and 42(b) is that between a "direct" contempt committed "in the actual presence of the court," which may be punished summarily and an "indirect" contempt, which can be prosecuted only upon notice and hearing. It is clear that here the court acted summarily.[2] Thus, if failure to appear as scheduled is only an "indirect" contempt in that it was not committed in the presence of the courts,[3] the court's action was error.

The states are divided on this question.[4] A related federal case, discovered upon investigation but not cited by either party, Klein v. United States, 80 U.S.App. D.C. 106, 151 F.2d 286 (1945), involved a construction of the general contempt statute before the Federal Rules of Criminal Procedure became effective. That statute provided that:

"The * * * courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: *Provided,* That such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, * * *." 28 U.S.C. § 385 (1940). Act of March 3, 1911, ch. 231, § 268, 36 Stat. 1163.[5]

In *Klein, supra,* the court applied the teaching of Nye v. United States, 313 U. S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941), that the words "so near thereto" were "geographical" terms, and held that where an attorney left the courthouse upon adjournment of court and "refused and continue[d] to refuse" to return when court reconvened, the offense did not occur in the presence of the court or "so near thereto" as to permit summary punishment.

The language of Rule 42(a) requiring the summarily punishable conduct constituting the contempt to be committed in the "actual presence" of the court would seem to reinforce *Klein.* The Rule surely cannot be said to weaken the decision because, as the Supreme Court has observed, Rule 42(a) is "substantially a restatement of existing law"[6] and Rule 42 is "no innovation * * * [but] simply makes 'more explicit' the longsettled usages of law governing the procedure to be followed in contempt proceedings."[7]

2. Even if Mr. Willett had been informed at 1 p. m. by the deputy clerk that at the 2 p. m. hearing the court would take up the matter of his absence at the originally scheduled time (see footnote 1), this cannot constitute notice within the meaning of Rule 42(b). Rule 42(b) requires that notice "shall be given orally by the judge in open court in the presence of the defendant or * * * by an order to show cause or an order of arrest," and that notice shall allow a "reasonable time for the preparation of the defense."

3. Clearly Mr. Willett's advice to his client cannot be said to have occurred "in the actual presence of the court."

4. Annot., 97 A.L.R.2d 431, 457 (1964).

5. The latter part of this statute, relating to contempts, has been transferred with several changes in phraseology and arrangement to 18 U.S.C. § 401.

6. Offutt v. United States, 348 U.S. 11, 13–14, 75 S.Ct. 11, 99 L.Ed. 11 (1954), quoting the Advisory Committee on the rules of criminal procedure.

7. *See* Brown v. United States, 359 U.S. 41, 51, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959). *Brown* was later overruled by Harris v. United States, 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965), but the substance of the quoted language from *Brown* was not disturbed or affected.

If a continued *refusal* to appear in court as scheduled does not constitute a direct contempt, the mere *failure* to appear cannot be a direct affront to the court even if the proffered explanation of a "misunderstanding" is unacceptable. We hold the failure of Mr. Willett to appear as scheduled, if contumacious, was not an act committed "in the actual presence of the court," and therefore not punishable summarily under Rule 42(a).

Though not necessary for the purposes of this decision, we note that even if a failure to appear were found to be directly contumacious, it is questionable whether, under the circumstances of this case, summary punishment would be proper. Summary contempt power · is one that "always, and rightly, is regarded with disfavor." Sacher v. United States, 343 U.S. 1, 8, 72 S.Ct. 451, 454, 96 L.Ed. 717 (1952). Such procedure should be used only to fill "the need for immediate penal vindication of the dignity of the court." Cooke v. United States, 267 U.S. 517, 536, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925). Prosecution upon notice and hearing under Rule 42 (b) "prescribes the 'procedural regularity' for all contempts in the federal regime except those unusual situations envisioned by Rule 42(a) where instant action is necessary to protect the judicial institution itself." Harris v. United States, 382 U.S. 162, 167, 86 S.Ct. 352, 355, 15 L.Ed.2d 240 (1965). It does not appear that here the affront to the dignity of the court required "immediate penal vindication" or that the facts constituted such an "unusual situation" that summary action was required to "protect the judicial institution itself."

The judgment below will be reversed and the case remanded for any such further proceedings as may be instituted, consistent with the views herein expressed.

Reversed and remanded.