**In the Matter of David LAMSON.**

**No. 72–1162.**

United States Court of Appeals,
First Circuit.

Argued Sept. 13, 1972.

Decided Oct. 11, 1972.

James C. Hamilton, Boston, Mass., with whom David H. Lamson and Hamilton & Lamson, Boston, Mass., were on brief, for appellant.

William A. Brown, Asst. U. S. Atty., with whom Joseph L. Tauro, U. S. Atty., and George V. Higgins, Asst. U. S. Atty., were on brief, for appellee.

Before COFFIN, Chief Judge, Mc-ENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

This case presents an issue novel to this circuit: if an attorney, during a complicated multi-defendant criminal trial, specifically warned that a recess would be for only five to ten minutes, takes a coffee break which requires him to depend on the uncertain elevator service of a crowded building, and returns some twelve minutes late, is his conduct, if contemptuous, "committed in the actual presence of the court?" Rule 42(a) Fed. R.Crim.P.

In this case the district court deemed it was. The failure to report back on time occurred in mid-morning. The court, at 1 p. m., met with the three offending attorneys to consider the amount of fine to be imposed for their contemptuous conduct. Opportunity was given to each of them to explain their conduct in mitigation. They had little to say except that their spokesman (not the appellant) said that the delay in elevator service was "not foreseeable by myself". The court thought to the contrary, observing that all, including appellant, were familiar with the eccentricities of the building. The court imposed a fine of $10 for each minute of delay.

The question here is not whether the conduct was contemptuous. It is only whether the conduct was in the actual presence of the court and therefore subject to the summary procedure of Rule 42(a) Fed.R.Crim.P. All agree that the procedure was summary. We do not question the power of the district judge to require a strict adherence to exact deadlines, fully announced by him and more than adequately justified. This was a criminal case against four defendants, the trial having lasted several days, and the necessity for full utilization of court and jury time being readily apparent. There was every reason to avoid long hiatuses of jurors sitting in idleness, wasting time, and wondering over the cause of the delay. Moreover, the judge, burdened with this and many other matters, had made himself perfectly clear. Finally, when the attorneys appeared a few hours later to excuse their conduct, little by way of excuse then appeared.

Nevertheless, we must remand for a hearing under Rule 42(b). We think not of this case, but of one where an attorney appears twelve minutes late, not because he ventured to use a foreseeably delinquent elevator, but because he became involved in an incident with a building security officer, or in an attempt to quell a demonstration, or in an effort to resuscitate a heart attack victim, or, even in a struggle to open an obstinate bathroom door. Rule 42(a), which permits summary proceedings only for conduct "committed in the actual presence of the court", enunciates a principle of law which must be applicable to the diverse factual settings we have stated, as well as to the instant case. The failure to be present in court at the appointed time is obvious to the court. Yet, while the absence, if it can be called "conduct", is in the presence of the court in a semantic sense, the presence of the offender is in the court's absence. As to the reasons for the presence elsewhere, they may be good ones, depending on witnesses—the security officer, some of the demonstrators or bystanders, the heart attack victim, or building maintenance personnel—or on other information which the tardy attorney could produce.

These are the kinds of events which impress upon us that a failure to appear on time may often only be explained by witnesses who may not be immediately available or by more than three hours preparation by the offender. An opportunity to summon the witnesses or obtain material necessary to the defense seems only fair.

We deem this analysis commanded by both the language and purpose of Rule 42(a). We note also that a fairly heavy majority of the courts which have considered the question share this view. The only federal circuits which have faced

the problem hold that this kind of conduct is not within the actual presence of the court. Klein v. United States, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945); United States v. Willett, 432 F.2d 202 (4th Cir. 1970). We count also at least ten states with a similar approach. Missouri, In re Clark, 208 Mo. 121, 106 S.W. 990 (1907); Illinois, People v. Westbrooks, 242 Ill.App. 338 (1926); Washington, State v. Winthrop, 148 Wash. 526, 269 P. 793 (1928); Florida, Lee v. Bauer, 72 So.2d 792 (1954); Ohio, Weiland v. Industrial Comm., 166 Ohio St. 62, 139 N.E.2d 36 (1956); Texas, Ex parte Hill, 122 Tex. 80, 52 S.W.2d 367 (1932); Arizona, Rogers v. Superior Court, etc., of Pima, 2 Ariz.App. 556, 410 P.2d 674 (1966); Colorado, District Attorney of Alamosa County v. District Court of Alamosa County, 150 Colo. 136, 371 P.2d 271 (1962); Minnesota, Knajdek v. West, Michigan, People v. Henry, 25 Mich.App. 45, 181 N.W.2d 64 (1970). Opposed to the principle are California, Lyons v. Superior Court of Los Angeles County, 43 Cal.2d 755, 278 P.2d 681 (1955), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L. Ed. 774; Chula v. Superior Court in and for Orange County, 57 Cal.2d 199, 18 Cal. Rptr. 507, 368 P.2d 107 (1962) (but see Chief Justice Traynor's dissent); New Jersey, In re Clawans, 69 N.J.Super. 373, 174 A.2d 367 (1961); Maryland, Kandel v. State, 252 Md. 688, 250 A.2d 853 (1969); the local courts in the District of Columbia, Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971), and the Eastern District of Tennessee, United States v. Anonymous, 215 F.Supp. 111 (E.D.Tenn.1963).

 We do not imply that conduct of the nature here involved requires, in addition to notice and hearing, referral of the question of contempt to another judge. At this stage of the present case, of course, the trial judge may well be advised to refer the matter, upon remand, to another judge, he having already committed himself. However, we

do not believe that mere tardiness of an attorney, unless other prejudicing factors are present, is normally such a personal affront as would constitute "disrespect to or criticism of a judge" within the meaning of Rule 42(b), requiring the judge to disqualify himself from acting in a contempt proceeding which he initiates. *See* Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). *Compare* Mayberry v. Pennsylvania, 400 U.S. 455, 465–466, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). *See also* Goldfine v. United States, 268 F.2d 941 (1st Cir. 1959), cert. denied, 363 U.S. 842, 80 S.Ct. 1608, 4 L.Ed.2d 1727 (1960).

The judgment is vacated and the matter is remanded for proceedings not inconsistent with this opinion.