**In re David C. NIBLACK, Appellant.**
**No. 72–1086.**

United States Court of Appeals,
District of Columbia Circuit.

March 8, 1973.

Rehearing Denied June 5, 1973.

Arthur J. Whalen, Jr., Washington, D. C., with whom Joan M. McIntyre, Washington, D. C., was on the brief for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Brian W. Shaughnessy and Gregory C. Brady, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, and ROBINSON and ROBB, Circuit Judges.

PER CURIAM:

This is an appeal from a conviction of criminal contempt pursuant to 18 U.S.C. § 401 (1970). Appellant, a member of the District of Columbia bar, was appointed by the district court to represent one Lee, who was charged with violations of the National Firearms Act. 26 U.S.C. § 5861 (1970). (United States v. Malcolm D. Lee, Criminal No. 2042–71). Lee was arraigned before a district judge on November 30, 1971. The appellant Niblack was present on behalf of his client and on that date a motion hearing was scheduled for 9:30 A.M. on December 15, 1971.

Lee appeared at the appointed hour on December 15, 1971 but the appellant did not arrive until 11:20 A.M. After hearing the appellant's attempted explanation for his tardiness the district court found him in contempt and imposed a fine of $50.00 or imprisonment for ten days. The district judge observed that he had warned the appellant "time and time again about being on time."

Relying upon Klein v. United States, 80 U.S.App.D.C. 106, 151 F.2d 286 (1945), and Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971), the appellant contends that his conduct was not contempt in the actual

presence of the court within the meaning of Rule 42(a) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 401 (1970), and that his conviction therefore cannot stand.[1] We think the cited cases can be distinguished.

Klein's alleged contempt was his refusal to return from New York to Washington and resume his place at the trial table. We held only that his action in New York was not "misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice." We recognized that as construed by the Supreme Court the words "so near thereto" have a geographical connotation. Our opinion emphasized that the contempt proceeding was not for violation of a court order, since it was "not claimed or shown" that the court had entered any order directing Klein to return; thus the decision did not relate to contempt committed by violation of such an order. Here, as the district judge found, Niblack disobeyed the order that he be in court at a specified hour to proceed with a hearing. This misconduct was different from that attributed to Klein and clearly fell within the scope of 18 U.S.C. § 401(3).

■■ In the *Sykes* case we held only that the evidence did not justify a finding that Sykes "deliberately or recklessly disregarded his obligation to the court, or that he intended any disrespect for the court"; in other words we held that the record disclosed "no evidence of any criminal intent on the part of" Sykes. We said there were no unusual circumstances warranting a conclusion that the conduct of Sykes was reckless, but on the contrary it appeared that his default had resulted from a lapse of memory and was an isolated aberration. We noted further that "[t]he judge prefaced his ruling with statements to the effect that he was reluctant to find the appellant in contempt, since he had had 'very favorable experiences' with the appellant, who had 'served the court'". In the present case, however, the district judge stated that the failure of Niblack to appear was not an isolated aberration but had "happened many times in the past" and that the appellant had been repeatedly warned about such misconduct.[2]

In Sykes v. United States we discussed the *Klein* decision. Some clarification of that discussion may be appropriate. The *Klein* case did not hold that a failure to appear at a time ordered by the court could not be a contempt in the presence of the court; as we have said, the holding was only that Klein, in New York and under no order to appear, was not guilty of contempt in the presence of the court or so near thereto as to obstruct the administration of justice. In any event our discussion of the *Klein* ruling was not necessary to our decision

---

1. Rule 42(a), Fed.R.Crim.P. provides:
   **Summary Disposition.** A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.
   18 U.S.C. § 401 provides:
   A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—
   (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
   (2) Misbehavior of any of its officers in their official transactions;

   (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

2. These facts should have been, but were not, recited in the order of contempt filed by the District Court pursuant to Rule 42 (a), Fed.R.Crim.P. Nevertheless, since the appellant was fully advised of all the facts and circumstances upon which the district judge based his order, and was given an opportunity to respond, we think the omission does not warrant reversal. In the future, district judges should be careful to include a full statement of the facts in any order of contempt. *Cf.* United States v. Schiffer, 351 F.2d 91 (6th Cir. 1965), cert. denied, 384 U.S. 1003, 86 S. Ct. 1914, 16 L.Ed.2d 1017 (1966), rehear. denied, 385 U.S. 890, 87 S.Ct. 12, 17 L. Ed.2d 121 (1966).

with respect to Sykes, which rested on our analysis and evaluation of the evidence and our conclusion that the proof did not disclose any wilfulness on the part of Sykes.

■ We think the record in this case justifies the conclusion that the appellant's conduct was in reckless and wilful disregard of the court's order that he appear promptly for the scheduled hearing. Thus, the record supports a finding that the appellant's disobedience of the Court's order met the test of criminal intent applied in Sykes v. United States. We think also that when a lawyer, in wilful disregard of a court's order, appears almost two hours after the appointed hour he subjects himself to discipline pursuant to Rule 42(a), Fed.R.Crim.P.

The judgment is affirmed.