**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert E. DELAHANTY, Neville Tucker,**
**Defendants-Appellants.**

**No. 73-1515.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 1, 1973.

Decided Dec. 18, 1973.

Thomas L. Hogan, Louisville, Ky., for defendants-appellants; John G. O'Mara, Louisville, Ky., on brief.

Eldon L. Webb, Asst. U. S. Atty., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from an Order finding Appellants to be in contempt of Court. Appellants were co-counsel in a criminal case in the Eastern District of Kentucky. By an Order entered March 1, 1973, a pretrial conference was scheduled for 10:00 a. m., on March 15, 1973, to hear all pending motions. Appellant Delahanty arrived approximately ten minutes late for this conference. Appellant Tucker had not intended to appear because of other matters in Louisville and he had so informed co-counsel Delahanty who was to represent both of them at the hearing. As neither attorney was present at the designated time, the Court rescheduled the hearing for 1:00 p. m. that afternoon. The Court held both attorneys in contempt for their failure to appear at the scheduled time and assessed each a fine of one hundred dollars. After an Order of Finding of Contempt had been entered, the Court scheduled a hearing the same afternoon, each attorney was given an opportunity to explain his failure to appear at the 10:00 a. m. hearing. Appellant Delahanty explained that his unfamiliarity with the city and difficulty in finding a parking space were the reasons for his tardiness of ten minutes and Appellant Tucker stated that he had not intended to appear since he had arranged for co-counsel to handle the matter.

Appellants first contend that the Court should not have summarily disposed of the contempt charges under Rule 42(a) of the Federal Rules of Criminal Procedure. Rule 42(a) provides:

> (a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

It is Appellants' contention that the conduct complained of—their absence from the courtroom—did not occur within the actual presence of the Court and did not, therefore, come within Rule 42(a). We find this contention to be correct and agree with the holding of In re Lamson, 468 F.2d 551 (1st Cir. 1972). In *Lamson,* the Court said:

> [w]e must remand for a hearing under Rule 42(b). We think not of this case, but of one where an attorney appears twelve minutes late; not because he ventured to use a foreseeably delinquent elevator, but because he became involved in an incident with a building security officer, or in an attempt to quell a demonstration, or in an effort to resuscitate a heart attack victim, or, even in a struggle to open an obstinate bathroom door. Rule 42(a), which permits summary proceedings only for conduct "committed in the actual presence of the court", enunciates a principle of law which must be applicable to the diverse factual settings we have stated, as well as to the instant case. The

failure to be present in court at the appointed time is obvious to the court. Yet, while the absence, if it can be called "conduct", is in the presence of the court in a semantic sense, the presence of the offender is in the court's absence. As to the reasons for the presence elsewhere, they may be good ones, depending on witnesses —the security officer, some of the demonstrators or bystanders, the heart attack victim, or building maintenance personnel—or on other information which the tardy attorney could produce.

These are the kinds of events which impress upon us that a failure to appear on time may often be explained by witnesses who may not be immediately available or by more than three hours preparation by the offender. An opportunity to summon the witnesses or obtain material necessary to the defense seems only fair. 468 F.2d at 552.

The same result was reached in United States v. Willett, 432 F.2d 202 (4th Cir. 1970). In re Niblack, 155 U.S.App.D.C. 174, 476 F.2d 930 (1973), held that under certain circumstances the absences of an attorney from court could be cause for a summary finding of contempt. In *Niblack*, however, the attorney had arrived two hours late for a motion hearing and had been repeatedly warned about arriving late. See also In re Gates, 156 U.S.App.D.C. 88, 478 F.2d 998 (1973).

■ We find that this matter should not have been dealt with summarily. While the absence of Appellants was obvious to the Court, the reasons for their absence were not. The Court did provide an opportunity for an explanation of their absence, but only after the Court had found Appellants to be in contempt. As the Supreme Court has stated, summary disposition of contempt under Rule 42(a) is " 'for exceptional circumstances' . . . such as acts threatening the judge or disrupting a hearing or obstructing court proceedings." Harris v.

United States, 382 U.S. 162, 164, 86 S.Ct. 352, 354, 15 L.Ed.2d 240 (1965). We find no exceptional circumstances in this case justifying summary disposition.

Appellants' second contention is that their conduct was not contemptuous. This claim is based on the assertion that there was no intent to commit a contemptuous act. This contention was discussed in Sykes v. United States, 144 U.S.App.D.C. 53, 444 F.2d 928 (1971), which involved an attorney who had forgotten that he was scheduled to appear in Court on a particular date. The Court stated:

On the second issue relating to the sufficiency of the evidence, we are constrained to disagree with the District of Columbia Court of Appeals and the trial judge. We of course appreciate the administrative problems confronting the judge. We also agree that a lawyer must be held to a high standard of accountability and that he may not deliberately or recklessly flout the authority and dignity of the court; if he does so he should be subject to disciplinary action. Nevertheless, the offense of which the appellant was convicted was a criminal contempt. An essential element of that offense is an intent, either specific or general, to commit it. [citations omitted]

By definition, contempt is a *"wilful disregard or disobedience of a public authority"*. [citations omitted]

The requisite intent may of course be inferred if a lawyer's conduct discloses a reckless disregard for his professional duty. In the appellant's case, however, there was no evidence that he deliberately or recklessly disregarded his obligation to the court, or that he intended any disrespect for the court. On the contrary it is clear from his unchallenged explanation that his failure to appear was not by design but resulted from a lapse of memory, preoccupation with another case, and confusion as to dates. There were no unusual circumstances justifying a conclusion that his conduct was reck-

less. (444 F.2d at 930) (Emphasis in original)

■ The application of a standard which equates reckless disregard for a court's order with the intent necessary for conviction of criminal contempt seems to us to be reasonable. The use of this standard was reaffirmed by the District of Columbia Circuit in In re Niblack, 155 U.S.App.D.C. 174, 476 F.2d 930 (1973). The Court found that the evidence—arriving two hours late after repeated warnings about being on time—justified the conclusion that the attorney's conduct was in reckless and wilful disregard of the Court's order that he appear promptly for the scheduled hearing. Thus, in determining whether Appellants' actions in this case were contemptuous, we will apply the standard of recklessness to their actions.

■ The District Court, in its order finding Appellants in contempt, did not state that there had been any finding that they had the intent to commit the contemptuous act. At the afternoon hearing, Delahanty and Tucker stated their reasons for being absent:

THE COURT: Well, Judge Delahanty and Judge Tucker, I find you in contempt of this court for your failure to appear here this morning at the hour prescribed by the order of this court and for your non-appearance, I fine you each the sum of $100.

The cost of the United States, gentlemen, to start a proceeding set by order when no one has the concern about the cost of the taxpayers of trying to advise the Court of the inability of counsel to be present is inexcusable.

MR. DELAHANTY: May I speak, Your Honor?

THE COURT: Yes, sir.

MR. DELAHANTY: If Your Honor please, of course, as you are aware of, we are from Louisville, Kentucky. We started out in well adequate time to get here this morning, Miss Freedman and myself. I am not familiar, nor is Miss Freedman familiar with the city of Lexington. We were, in fact, in Lexington in plenty of time to be at this court at 10:00. Because of the one-way streets and my unfamiliarity with the city, I had to stop and ask directions on two occasions. When we got here, the clock downstairs there was part of the parking confused, because of the funeral at the church next door, the parking lot across the street was full and we finally had to park down past the Sayer's school and the clock was chiming as we were getting out of the car. We walked to the courthouse and came upstairs and we were out in the hallway at five after ten. From there, we walked upstairs to Mr. Siler's office and we were informed that he was down here. We came down here and we were here at ten after. We certainly meant no disrespect to the Court in any manner in this problem.

THE COURT: Well, gentlemen, let me explain to you that the judge of the court came down yesterday to prepare and be present for this. This matter has been set by order and if counsel had excuse, they should have called. You know that, gentlemen, because you are judges and you would not suffer an attorney to abuse the process of your court and to abuse an order. You would be required to maintain a reasonable order in your court.

Judge Tucker, I will let you put whatever you want to in the record. Gentlemen, the contempt fine is going to stay.

MR. TUCKER: Well, if it pleases the Court, after the date was changed from the 12th and 13th to today, I had no plans to be here at the hearing. My plans were that Judge Delahanty and Miss Freedman would handle the arguments and so forth on today. I had matters scheduled in Louisville and I thought that it was not necessary for all of us to be here. I got a call in Louisville saying that it was important for me to be here at

1:00, but I had no intention to be here at 10:00. I felt that the Court would not insist that all counsel be here for the hearing and I did not leave Louisville at 10:00. I informed co-counsel that I would not be here and that they were to handle the argument. I'm only here now because I was called and that I should be here at 1:00.

The explanations for the absence of Appellants were unchallenged. There is no indication, as in the *Niblack* case, that there had been repeated occurrences of tardiness. Our review of these explanations does not indicate to us that the conduct of either Appellant disclosed a reckless disregard for his professional duty or that any disrespect for the Court was intended. In this day of heavy dockets, Courts have a right to expect the punctual arrival of attorneys. However, in dealing with a criminal contempt, all of the elements must be present before there can be a conviction. We do not find that circumstances in this case satisfy the element of intent necessary to sustain the convictions.

Therefore, the judgment of the District Court is reversed.