In re Nicholas R. ALLIS, Appellant.

No. 74–1695.

United States Court of Appeals,
Ninth Circuit.

March 10, 1976.

Rehearing and Rehearing In Banc
Denied May 13, 1976.

Michael Lightfoot (argued), Los Angeles, Cal., for appellant.

William D. Keller, Asst. U. S. Atty. (argued), Los Angeles, Cal., for appellee.

OPINION

Before HUFSTEDLER and SNEED, Circuit Judges, and THOMPSON,* District Judge.

* Honorable Bruce R. Thompson, United States District Judge, District of Nevada, sitting by designation.

BRUCE R. THOMPSON, District Judge:

This is an appeal from an order holding defense counsel in contempt of court for tardiness. Annexed to this opinion is a transcript of the proceedings which states with precision exactly what occurred.

The Court's oral adjudication was followed by a written order filed March 6, 1974, which parroted the oral findings in all material respects. The written order contains the following preface:

"After notifying Nicholas Allis, Esq., of the nature of the proceeding and after affording him an opportunity to consult with counsel and an opportunity for himself and counsel to be heard, the Court finds said Nicholas Allis, Esq., to have been in direct contempt of court and certifies that the Court saw and heard the conduct constituting the contempt and that it was committed in the actual presence of the Court."

Thereafter, Allis filed a motion to vacate the contempt order and the motion was denied. This appeal followed.

■ It is probably too late for an effective argument that tardiness of counsel is punishable summarily under Rule 42(a), Federal Rules of Criminal Procedure, as conduct committed in the actual presence of the Court. Persuasive appellate court opinions have sustained the view that it is not counsel's absence from the courtroom at the appointed hour which constitutes the contempt, if any. *Sykes v. United States,* 144 U.S.App.D.C. 53, 444 F.2d 928 (1971); *In Re Lamson,* 468 F.2d 551 (1st Cir. 1972); *United States v. Willett,* 432 F.2d 202 (4th Cir. 1970); *United States v. Delahanty,* 488 F.2d 396 (6th Cir. 1973). The import of these cases is that the contempt consists not in the absence from the courtroom but in the reasons for the attorney's presence elsewhere, and the presence elsewhere was, of course, not in the actual presence of the Court, a requirement for summary disposition under Rule 42(a), Federal Rules of Criminal Procedure. The absence-presence contention has its fascinating aspects. We,

nevertheless, agree with the conclusion reached in the *Delahanty* case, *supra:*

"We find that this matter should not have been dealt with summarily. While the absence of Appellants was obvious to the Court, the reasons for their absence were not. The Court did provide an opportunity for an explanation of their absence, but only after the Court had found Appellants to be in contempt. As the Supreme Court has stated, summary disposition of contempt under Rule 42(a) is ' "for exceptional circumstances" * * such as acts threatening the judge or disrupting a hearing or obstructing court proceedings.' *Harris v. United States,* 382 U.S. 162, 164, 86 S.Ct. 352, 354, 15 L.Ed.2d 240 (1965). We find no exceptional circumstances in this case justifying summary disposition." *Delahanty, supra,* at 398.

The Government relies primarily on *In Re Gates,* 156 U.S.App.D.C. 88, 478 F.2d 998 (1973), and *In Re Niblack,* 155 U.S.App.D.C. 174, 476 F.2d 930 (1973), which reject the *Sykes* and *Willett, supra,* rationale and proclaim tardiness of counsel to be summarily punishable as direct contempt in the actual presence of the Court. With this conclusion we respectfully disagree.

■ Absence (tardiness) alone is not contempt. The reasons for the default are important. A contempt is a wilful disregard or disobedience of public authority and the requisite wrongful intent may be inferred from an attorney's reckless disregard of his obligations to the Court. *Sykes, supra,* at 930; *Delahanty, supra,* at 398. If an explanation for tardiness is made which is inconsistent with wilful disobedience, a hearing must be held, if the facts are disputed, or, if the explanation is accepted there is no contempt.

So, to the extent the district court relied upon Rule 42(a) for summary adjudication of misconduct in the actual presence of the Court, we believe it was in error. But the district court did not rely solely upon Rule 42(a). It notified Allis of the charges and afforded him the opportunity to consult

with counsel and an opportunity for himself and counsel to be heard. The issue is whether this procedure was consonant with the requirements of Rule 42(b), Federal Rules of Criminal Procedure, which provides:

"(b) *Disposition upon Notice and Hearing.* A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."

A "reasonable time for the preparation of the defense" varies with the circumstances. Presumably, no one would contend that a witness who fails to respond to a subpoena, or a juror who fails to respond to a summons, would not be entitled to more than ten minutes' notice of the charges to prepare a defense. But here we are dealing with an attorney at law, an officer of the court. We are concerned with the efficient administration of the court's business, which is a responsibility of the attorney as well as of the judge. Here, the court, at the outset, notified Allis that there was imminent likelihood that he would be held in contempt. He told him that the sentencing of Spencer had been set for 1:15 o'clock p. m. at Allis' special request. Allis agreed. He told him that Allis had been tardy on previous occasions and

had been strictly admonished. Allis agreed. A recess was then taken for ten minutes and Allis conferred with counsel, who appeared with him at the subsequent hearing. When the Court asked him what his excuse was for failure to meet the commitment at a time set at "your own instance and for your own convenience," Allis replied: "I don't really have an excuse * * *. It was my fault * * *. I did forget it."

This was sufficient to warrant a finding of reckless disregard of his responsibilities as an attorney and to justify the adjudication for contempt. The procedures were in conformity with the requirements of Rule 42(b). No extension of time to prepare a defense was warranted in these circumstances and none was requested by Allis or his counsel. The facts were clear and undisputed. At no time was an indication given of the availability of other witnesses or evidence to support a defense of justification or excuse.

On the facts, the instant case is similar to *In Re Niblack,* 155 U.S.App.D.C. 174, 476 F.2d 930 (1973), in which the lawyer's tardiness, which was not an isolated instance, was held summarily punishable as a direct contempt in the actual presence of the Court. While we have disapproved the analysis by the *Niblack* Court, we do approve the result. We discern no justification under the circumstances disclosed by this record and the *Niblack* opinion for requiring an elaborate proceeding when the only end in view is to get the attorney, as an officer of the Court, to focus some attention on the importance of being prompt and of devising a system which will avoid tardiness and complicating delays in the administration of the business of the Court.

Affirmed.

### APPENDIX

LOS ANGELES, CALIFORNIA, WEDNESDAY, MARCH 6, 1974, 1:15 P.M.

---

THE COURT: Good afternoon, gentlemen.

THE CLERK: Criminal Case 74–295–IH, *United States of America vs. James Edwin Spencer.*

Will counsel please make their appearances.

MR. VON DER AHE: Good afternoon, your honor. Vincent Von Der Ahe appearing on behalf of the Government.

THE COURT: I see Mr. Spencer is here. Where is Mr. Allis, your counsel? Do you know?

DEFENDANT SPENCER: No, I don't, sir.

THE COURT: Has anyone heard from him? Mr. Clerk, have you?

THE CLERK: No, your Honor.

THE COURT: How about you, Mr. Von Der Ahe?

MR. VON DER AHE: No, I have not, your Honor.

THE COURT: Let the record show that it is now 1:22. The case was set for 1:15. My secretary called his office at 1:15 and was told that he was on his way down here.

I have no alternative but to recess until the gentleman appears. We will give give him a minute or two.

Go ahead and sit down, Mr. Spencer.

It is 1:25. We will be in recess.
(Recess.)

THE COURT: For the second time call the case.

THE CLERK: Criminal Case 74–295–IH, *United States of America vs. James Edwin Spencer.*

Counsel, please make your appearances.

MR. VON DER AHE: Good afternoon, your Honor. Vincent Von Der Ahe appearing for the Government.

MR. ALLIS: Good afternoon, your Honor. Nicholas Allis for Mr. Spencer. I apologize for being late.

THE COURT: We will discuss that later, Mr. Allis. The court has been out once. The matter was set for 1:15 at your special request, as I remember it.

MR. ALLIS: Yes, it was, your Honor.

THE COURT: And the clerk indicates that you failed to arrive until 1:35.

Now, first, let's proceed to the matter at hand.

\* \* \* \* \* \*

THE COURT: Now, Mr. Allis, I correctly stated the facts, have I not?

MR. ALLIS: Yes, you have, your Honor.

THE COURT: Mr. Allis, one other fact needs to be placed in the record, namely, as I recall it, that you had not been on time more than once heretofore in this court, and on at least one, if not all of those prior occasions, were admonished in the most strict terms that scrupulous promptness was a lawyer's obligation.

Is that not a fair statement of the history?

MR. ALLIS: Yes, it is.

THE COURT: I therefore must tell you that you now stand in imminent likelihood of being found in contempt of this court. I will hear whatever you wish to say. If you wish to consult with another counsel, I will allow a reasonable time for that.

I see Mr. Van De Kamp has just entered the courtroom. If you desire a recess before making any statement, I will, of course, afford you that now that you are on notice as to the scope and possible outcome of this proceeding.

MR. ALLIS: Yes. I desire a recess, your Honor.

THE COURT: Ten minutes.

(Short recess.)

THE COURT: Mr. Allis, come forward.

I will be happy to recognize Mr. Van De Kamp to speak on your behalf, or in any other capacity that he wishes to be heard, if he wishes to be heard.

Will you be good enough, first of all, to tell me what if any excuse you have for your failure to meet this commitment today at a time set at your own instance and for your own convenience.

MR. ALLIS: Well, I don't really have an excuse, your Honor. It was my fault. I

did forget it. I had it marked on my calendar. I went in with the file this morning to my secretary. I asked her to remind me of it. I spent the whole lunch hour up in my office preparing for the case in Judge Ferguson's court. I didn't think of this case during the noon hour like I thought of it when I came into the office this morning.

And I left to go down to Judge Ferguson's court about 1:17, and I have been there sitting at the defense counsel table preparing that case since then.

THE COURT: Mr. Van De Kamp, do you desire to be heard in any respect?

MR. VAN DE KAMP: Only to say this, your Honor—maybe I appear almost as a character witness. I know Mr. Allis had a prior experience in this court.

THE COURT: More than one.

MR. VAN DE KAMP: I recall that experience as a number of months ago. That, to my knowledge, was the last, I think, severe problem that he has had with the court. And I think he has made a truly conscientious effort to make court appearances and try to administer his calendar and not cause the inconvenience I think he knows he has caused the court today.

THE COURT: This is more than inconvenience, Mr. Van De Kamp. The cost to the public treasury is immense. I can go through the list of people who were sitting here waiting his appearance for the better part of half an hour, but it is not necessary. The marshal, the prosecutor, the probation officer, the reporter, the clerk, the bailiff, and the court in chambers, unable to put his mind to anything else because he anticipated being able to handle this case.

MR. VAN DE KAMP: I understand that, your Honor; and I think Mr. Allis does probably more than he might indicate today.

First, I don't think it was intentional. I think Mr. Allis has stated his case honestly to the court. The last thing in the world he needs at this point is to get into this kind of difficulty again. And I think he is very

conscious his status with the court is severely jeopardized when he didn't make these appearances. And he has a boss to be concerned with in the office.

So, I think that as to his intention, I know clearly it was not an intentional situation. It was a mistake, and a bad one, but——

THE COURT: Well,——

MR. VAN DE KAMP: I would ask the court to be——

THE COURT: I don't think we can run a system of justice without from the lawyers at least the recognition, and a proper recognition, of their responsibilities to the court. I don't think that we can serve the public and the public treasury without making it crystal clear to lawyers, who are officers of the court and are guilty of serious breaches of their obligations to the court, that they must be prepared to take the traditional consequences of those serious breaches.

This is not the first time. If it were, I would not be inclined to hold this counsel in contempt, because I would have felt that a stern warning ought to be applied in the interest of compassion. But that stern warning, Mr. Van De Kamp, has been given to this lawyer more than once, and in the strongest terms I could manage. And if that has not had an effectiveness, I must either abdicate the job I hold or do something else in the tradition of the profession. And I do not intend to abdicate the job I hold or the standards to which I think members of a profession, of which I am proud to be a member, are required to adhere.

So, Mr. Allis, I find you in direct contempt of this court. I fine you the sum of $100. And that fine shall be paid within one week from this date.

Court is adjourned.

---

HUFSTEDLER, Circuit Judge (concurring and dissenting):

I agree with the majority opinion's holding that Mr. Allis's tardiness could not be

summarily punished under Rule 42(a) of the Federal Rules of Criminal Procedure. I dissent from the majority's conclusion that the contempt order can be upheld under Rule 42(b).

The district court did not purport to rely on Rule 42(b), and the record fails to support the decision that the procedure followed complied with Rule 42(b). No evidentiary hearing was held, no witness was sworn, and no testimony was received. The evidence consisted solely of the facts that the time set for Allis's appearance was March 6, 1974, at 1:15 p. m., and he did not appear until 1:35 p. m. on that date.

The majority correctly assumes that a finding of contempt under Rule 42(b) could not be sustained based only on evidence that a forgetful lawyer was 20 minutes late for a court appearance. The lawyer would be negligent, but his conduct could not be deemed a reckless disregard of his responsibilities as a lawyer nor a wilful disobedience of a court order. The majority concludes that Mr. Allis's unsworn statement that he had been late on some other unspecified occasion or occasions bridged the evidentiary gap. I do not think that the informal exchange between the district court and Mr. Allis can be deemed evidence or even an admission in this Rule 42(b) context.

However, even if I thought that Mr. Allis's statement of previous tardiness was an adequate substitute for formal admissions or testimony, I cannot find that the procedural requisites of Rule 42(b) were met. "Although the 'simple notice' required by Rule 42(b) is to be judged with less strictness than a formal indictment [citations omitted], due process as well as the rule require that it contain enough to inform [the alleged contemnor] of the nature and particulars of the contempt charged." (*United States v. Robinson* (9th Cir. 1971) 449 F.2d 925.) The informal statement from the bench did not meet the requirement of particularity. The district court noted that Mr. Allis was 30 minutes late on this occasion and that on some other occasions he had also been late. The "notice" specified no dates of the prior tardiness. Yet, the conduct on prior occasions was necessarily in issue. The informal notice thus did not meet the simple standards of Rule 42(b). (*United States v. Robinson, supra.*)

The time given within which to prepare a defense was patently inadequate. A ten-minute recess and a quick consultation with another lawyer is insufficient to permit a defense to be made to a charge that Mr. Allis was habitually late or, at least had been late without justifiable excuse on other occasions. (*See, e. g., United States v. Alter* (9th Cir. 1973) 482 F.2d 1016, 1023.)

I am fully aware of the serious imposition upon the court, the litigants, and other participants in the judicial process that is caused by tardy lawyers. Concern about the problem and empathy for the exasperation of the court imposed upon must not blind us to violation of the Rules of Criminal Procedure. I cannot join in a memorandum properly rejecting the use of summary contempt under Rule 42(a) and approving procedures equally summary under Rule 42(b). The effect is to reduce the nonsummary procedures of criminal contempt prescribed by Rule 42(b) to levels acceptable only under Rule 42(a).

I would vacate the contempt and remand the cause to the district court.