785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
vs.
PHILIP E. PITZER, Defendant-Appellant.
 85-5526
 United States Court of Appeals, Sixth Circuit.
 1/24/86
 
 Before: LIVELY, Chief Circuit Judge, WELLFORD, Circuit Judge; and PORTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by Philip Pitzer of his conviction for criminal contempt by the district court. The facts which led to the conviction are as follows:
 
 
 2
 In May of 1985, a criminal case involving multiple defendants was pending before the court. Each defendant was represented by a different attorney. On May 7, 1985, the court filed an order calling the case for a hearing on several pending motions. The hearing was set for May 10, 1985.
 
 
 3
 At the hearing all the defendants and their counsel were present with the exception of Pitzer. The court noted that notice had been sent to Pitzer's office regarding the hearing, and, moreover, that a receptionist answering Pitzer's office telephone informed the court's deputy clerk that she would not take any message for Mr. Pitzer from the court.
 
 
 4
 As a result of Pitzer's absence, the court continued the hearing on certain motions that affected Pitzer's client. Ultimately, the court issued a show cause order directing Pitzer to show cause why he should not be held in contempt for his failure to appear at the May 10 hearing.
 
 
 5
 At the hearing, Pitzer filed affidavits of himself and his secretary, stating that Pitzer was in Los Angeles, California on the date of the hearing and that his secretary had been periodically checking his mail, but that he was not aware of the court's May 2 order. Pitzer admitted that a receptionist in his office had been directed by a former partner sharing the office not to make messages on Pitzer's behalf. Pitzer claimed that the direction was the result of confusion stemming from the dissolution of his partnership taking place at that time.
 
 
 6
 When Pitzer was reached by his secretary in Los Angeles and informed of the hearing, he directed his secretary to contact the court and clarify the situation.
 
 
 7
 The court found Pitzer in criminal contempt and imposed a suspended fine of $100.00.
 
 
 8
 On behalf of the government the case was vigorously and competently presented. It was pointed out that the district judge was confronted with a complicated criminal case with six defendants, six different counsel and a problem with stand-ins appearing for trial counsel. No one could have been more patient and considerate of counsel in the handling of this case than the district court. The situation presented by Pitzer's failure to appear demanded some action, i.e., a reprimand, a censure or a show cause order such as the one that was entered. If the proof showed that Pitzer had received notice of the hearing, we would have no difficulty in sustaining his conviction for criminal contempt and the suspended sentence.
 
 
 9
 The applicable statute is 18 U.S.C. Sec. 401. It provides:
 
 
 10
 A court of the United States may punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as----
 
 
 11
 (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
 
 
 12
 (2) Misbehavior of any of its officers in their official transactions;
 
 
 13
 (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.
 
 
 14
 The applicable rule is Rule 42, Federal Rules of Criminal Procedure.
 
 
 15
 The appellant is correct in his statement that an essential element of criminal contempt is an intent to commit it. Wilson v. North Carolina, 169 U.S. 586, 600 (1898); also, by definition, contempt is a willful disregard or disobedience of a court. This Court stated in TWM Manufacturing Co., Inc. v. Dura Corp., 722 F.2d 1261, 1272 (1983):
 
 
 16
 In criminal contempt, willful disobedience must be proved beyond a reasonable doubt. United States v. Powers, 629 F.2d 619, 626 n.6 (9th Cir. 1980); United States v. Greyhound Corp., 508 F.2d 529, 531 (7th Cir. 1974). Willfulness, for this purpose, implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 782 (9th Cir. 1983).
 
 
 17
 See also United States v. Delahanty, 488 F.2d 396 (6th Cir. 1973). Delahanty involved an attorney who was found guilty of criminal contempt because he was ten minutes late for a pretrial conference. On appeal, this Court said:
 
 
 18
 The explanations for the absence of Appellants were unchallenged. There is no indication, as in the Niblack case, that there had been repeated occurrences of tardiness. Our review of these explanations does not indicate to us that the conduct of either Appellant disclosed a reckless disregard for his professional duty or that any disrespect for the Court was intended. In this day of heavy dockets, Courts have a right to expect the punctual arrival of attorneys. However, all of the elements must be present before there can be a conviction. We do not find that the circumstances in this case satisfy the element of intent necessary to sustain the convictions.
 
 
 19
 Therefore, the judgment of the District Court is reversed.
 
 
 20
 Id. at 400.
 
 
 21
 The thrust of the government's argument is that Pitzer's failure to maintain professional operation of his law practice and the resulting missed court appearance constitutes contemptuous conduct. We must disagree. We do agree that under the circumstances, Pitzer deserved a censure or a reprimand and possibly in the exercise of its inherent power the Court could have imposed a fine if it concluded that Pitzer's conduct amounted to unprofessional conduct. In this connection, we observe that after Pitzer did find he was in default for appearance he had his secretary call the Court and explain the situation instead of calling himself. This is an example of the way law should not be practiced. In the first place, the secretary is not licensed to practice law and more importantly, this conduct shows lack of proper regard for the Court.
 
 
 22
 We reluctantly reverse and direct that the conviction for criminal contempt be vacated.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge of the United States District Court for the Southern District of Ohio, sitting by designation