**Ruth YOHANNES, Plaintiff,**

v.

**REPUBLIC GARDENS, Defendant.**

**No. CIV.A.00–0469 PLF.**

United States District Court, District of Columbia.

Sept. 5, 2002.

Clarissa Thomas, Esq., Washington, DC, for Plaintiff.

Nicholas Stillwell McConnell, Jackson & Campbell, P.C., Washington, DC, Michael Vincent Statham, Landover, MD, for Defendant.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

On August 2, 2002, this matter was before the Court for a hearing on an order to show cause. In a non-summary hearing, Michael V. Statham, defendant's former lawyer, was ordered to show cause why he should not be held in criminal contempt for violating Local Civil Rules 83.8(a) and 83.9(a) and for failing to appear at two previously scheduled show cause hearings in violation of this Court's orders.[1]

## I. BACKGROUND

Magistrate Judge John Facciola issued an order on May 10, 2002, scheduling a show cause hearing before the undersigned for May 22, 2002 at 2 p.m. upon the following specifications of fact: (1) Michael V. Statham was admitted to the bar of this Court on September 10, 1990 and was obliged to renew his membership on or before July 1, 1994 but did not do so;[2] (2) Mr. Statham entered his appearance in this Court for defendant Republic Gardens on September 25, 2000;[3] (3) the highest court of the State of Maryland disbarred Mr. Statham on November 30, 2001;[4] (4) the District of Columbia Court of Appeals suspended Michael V. Statham from practicing law in the District of Columbia on January 14, 2002;[5] (5) Mr. Statham purported to continue representing Republic

---

1. Local Civil Rule 83.8(a) provides:

> Admission to and continuing membership to the bar of this Court are limited to attorneys who are (1) active members in good standing in the District of Columbia Bar; or (2) active members in good standing of the highest court of any state in which the attorney maintains his/her principal law office and is a member in good standing of a United States District Court that provides for reciprocal admission to members of the bar of this Court. Rule 83.8(a), LCvR.

Local Civil Rule 83.9(a) provides:

> Each member of the bar of this Court shall renew his or her membership every three years by filing with the Clerk of the Court, on or before July 1st of every third year .... Rule 83.9(a), LCvR.

2. As a result, Mr. Statham's name was provisionally removed from the list of members in good standing of the bar of this Court for five years. See Rule 83.9(c), LCvR. When he did not renew his membership within that time period his name should have been removed permanently from the list without prejudice. See id.

3. See Praecipe, September 25, 2000.

4. See Court of Appeals of Maryland Notice, November 30, 2001.

5. See District of Columbia Court of Appeals Order, January 14, 2002.

Gardens in settlement discussions before Judge Facciola in April, 2002, but never advised Judge Facciola during this time that he was not a member of the bar of this Court, or that he had been disbarred in Maryland, or that he had been suspended by the District of Columbia Court of Appeals.[6]

When Mr. Statham did not appear before the Court as ordered on May 22, 2002, the Court issued a new show cause order on June 12, 2002. The order directed Mr. Statham to appear before the Court on July 9, 2002 at 3 p.m. to show cause why he should not be held in contempt for his apparent violations of the Rules of this Court, as well as for his failure to appear at the May 22, 2002 hearing. When Mr. Statham failed to appear at the second show cause hearing, the Court issued a civil attachment order directing the United States Marshal's Service to locate, arrest and bring Mr. Statham before the Court. Once Mr. Statham was brought before the Court by the Marshal's Service, he acknowledged that he had received the Court's June 12, 2002 order but thought, erroneously, that the date of the hearing was July 19, 2002, rather than July 9, 2002.

Following Mr. Statham's explanation, the Court gave Mr. Statham an oral notice in open court that he was to appear on August 2, 2002 at 11 a.m. to show cause why he should not be held in contempt on the specifications set forth in the Court's written orders for violating Local Civil Rules 83.8(a) and 83.9(a), and for his failure to appear in Court as directed on May 22, 2002 and July 9, 2002. The Court also advised him that he had a right to counsel for these proceedings. *See* Rule 42(b), Fed.R.Crim.P. Mr. Statham stated that he was attempting to retain counsel to represent him in this matter. The Court issued a written order on July 11, 2002, directing Mr. Statham to appear for a show cause hearing on August 2, 2002 at 11 a.m.

Mr. Statham appeared before the Court on August 2, 2002 without counsel. The Court advised him of his rights.[7] Although Mr. Statham acknowledged that he understood his rights, he said he wanted to proceed without counsel and explain to the Court why he should not be held in contempt. In his defense, Mr. Statham explained that he had believed he was still a member of the bar of this Court when he entered his appearance as counsel for the defendant on September 25, 2000. Mr. Statham further explained that while he was affiliated with law firms while an attorney in Maryland from 1984 to 1999 his law firm took responsibility for assuring that all necessary bar memberships were renewed and that all bar dues were paid. He claimed that he was never informed, nor did he have reason to suspect, that his bar membership was not renewed or that he was not a member in good standing of the bar of this Court at the time he entered his appearance for the defendant in this case. He acknowledged, however, that it was his ultimate responsibility to make certain that his bar memberships were kept up-to-date.

---

6. Although Magistrate Judge Facciola's Order states that Mr. Statham represented the defendant in settlement discussions before him in April 2002, upon further discussion with Judge Facciola it was determined that Mr. Statham's last letter to Judge Facciola was dated March 7, 2002 and that there were no settlement discussions involving Mr. Statham in April 2002.

7. The Court informed Mr. Statham for the record that because this was a criminal contempt proceeding he had the right to remain silent and not to incriminate himself, the right to a trial, and the right to have a prosecutor prove beyond a reasonable doubt that his conduct constituted a wilful contempt of Court. *See* Rule 42(b), Fed.R.Crim.P.

Mr. Statham stated that he represented defendant in settlement discussions before Magistrate Judge Facciola in September and October, 2001, before he was disbarred in Maryland and suspended in the District of Columbia. Mr. Statham claimed that after the District of Columbia Court of Appeals suspended him on January 14, 2002 he told his client to retain new counsel. Although Mr. Statham informed his client of his status at that time, he did not inform Magistrate Judge Facciola, who still believed Mr. Statham was acting as defendant's attorney and continued to leave phone messages for him regarding settlement.

Because he had been disbarred in Maryland on November 30, 2001 and suspended in the District of Columbia on January 14, 2002, Mr. Statham did not return Judge Facciola's phone calls. Mr. Statham acknowledged that he then received a letter from Judge Facciola, dated February 26, 2002, requesting that he call to discuss further the possibility of settlement. In response, Mr. Statham wrote a letter to Judge Facciola on March 7, 2002. He stated that the letter was only in response to Judge Facciola's request and did not contain any information beyond what was discussed at their last settlement conference on October 10, 2001 (before his disbarment). He claimed that he did not write the letter as an attorney representing a client, but now as an individual doing a favor for a long-time friend to whom he felt a continuing obligation. He claimed to have been particularly careful not to submit the letter on stationary that would indicate an affiliation with a law firm or that he was still a practicing attorney.[8] He stated (and Magistrate Judge Facciola subsequently confirmed) that there were

no settlement discussions involving Mr. Statham in April 2002.

## II. DISCUSSION

▊ By definition, criminal contempt is a wilful disregard or disobedience of a public authority. *See In re Brown,* 454 F.2d 999, 1007 (D.C.Cir.1971). A federal court has the power to punish by criminal contempt any disobedience or resistance to its lawful writ, process, order, rule, decree or command when evidence shows an intentional violation of the court's rules or orders, or conduct which constitutes reckless disregard for the court's rules or orders. *See* 18 U.S.C. § 401(3); *see also United States v. KS & W Offshore Engineering, Inc.,* 932 F.2d 906, 909 (11th Cir. 1991); *In re Niblack,* 476 F.2d 930, 932–33 (D.C.Cir.1973).

▊ The Court sees many problems with Mr. Statham's account of the events that led to these proceedings and is not fully persuaded that some of his conduct would not satisfy the standard for criminal contempt. The Court does not agree, for example, that Mr. Statham's March 7, 2002 letter to Magistrate Judge Facciola did not suggest that Mr. Statham was still acting as a lawyer and still representing the defendant in the settlement discussions in this case. Although the letter was not on law firm letterhead and Mr. Statham did not use the title *Esquire* after his name, the absence of either detail does not send an unambiguous message to the reader that Mr. Statham had ceased to act as a lawyer in this case. After all, his only role in the case up to that point—in fact and in the eyes of the Magistrate Judge—was as counsel for a party. He entered his appearance as a lawyer for the defendant on

---

**8.** The letter shows that Mr. Statham did not place the title *Esquire* or *Esq.* after his signa- ture.

September 25, 20000 and never withdrew it or sought leave to do so. The fact that Mr. Statham sent the March 7 letter to Judge Facciola at all, or the fact that Mr. Statham referred in the letter to their settlement discussions of September and October, 2001, or the fact that he proposed (or reconfirmed) the specific terms of an acceptable settlement, would have conveyed to Judge Facciola that Mr. Statham was still a practicing attorney who was continuing to represent the defendant. Furthermore, Mr. Statham gave the Court no explanation as to why he never informed Judge Facciola of his disbarment in Maryland or his suspension by the District of Columbia Court of Appeals on January 14, 2002.[9]

Nevertheless, rather than asking the United States Attorney's Office or some private attorney appointed by the Court, *see* Rule 42(b), Fed.R.Crim.P., to investigate the matter further and prove Mr. Statham's wilful contempt beyond a reasonable doubt, the Court will discharge both orders to show cause and refer the matter to the Committee on Grievances of the United States District Court for the District of Columbia, the Office of Bar Counsel of the District of Columbia Board on Professional Responsibility, and the Committee on the Unauthorized Practice of Law of the District of Columbia Court of Appeals for such investigation and proceedings as they may deem appropriate. Accordingly, it is hereby

ORDERED that this Court's Order to show cause of July 11, 2002, and Magistrate Judge Facciola's Order to show cause of May 10, 2002 are DISCHARGED; and it is

FURTHER ORDERED that this matter is referred to the Committee on Griev-

ances of the United States District Court for the District of Columbia, the Office of Bar Counsel of the District of Columbia Board on Professional Responsibility, and the Committee on the Unauthorized Practice of Law of the District of Columbia Court of Appeals for further proceedings.

SO ORDERED.

---

**9.** As for the payment of dues to this Court's bar, the Court believes that it was Mr. Statham's ultimate responsibility, not his law firm's, to make sure that his bar membership was up to date.