**UNITED STATES of America,**
**Plaintiff–Appellee,**

**Robison D. Harley, Jr., Appellant,**

v.

**Louis RAMIREZ, III, aka**
**Seal F Defendant.**

No. 02–50538.
D.C. No. CR–99–00158–AHS–6.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided March 12, 2004.

Ronald L. Cheng, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, John D. Early, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, Thomas McDonald, Santa Ana, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Santa Ana, CA, William J. Kopeny, Esq., William J. Kopeny & Associates, Irvine, CA, for Appellant.

Roger S. Hanson, Esq., Robinson D. Harley, Esq., Santa Ana, CA, for Defendant.

Before PREGERSON, COWEN,* and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Attorney Robison D. Harley appeals an adjudication of contempt of court for failing timely to appear as ordered on the first day of trial in the underlying criminal case, in which he was defense counsel for one of the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the adjudication of contempt of court and the order imposing sanctions, as well as the district court's subsequent order affirming its decision.

The elements required for a finding of criminal contempt are (1) a clear and definite order of the court, (2) the contemnor's knowledge of the order, and (3) the contemnor's willful disobedience of the order.

*United States v. Doe*, 125 F.3d 1249, 1254 (9th Cir.1997). The only issue raised in this appeal is whether Harley's actions constituted willful disobedience. An attorney's tardiness alone cannot support a finding of willfulness; rather, the district court must consider the reasons for attorney's presence elsewhere. *In re Allis*, 531 F.2d 1391, 1392 (9th Cir.1976). Accidental, inadvertent, or negligent violations of an order are not willful. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 782 (9th Cir.1983).

Based on the record here, we find that, as a matter of law, Harley's actions do not constitute willful disobedience of the district court's order necessary to sustain the finding of criminal contempt. A highly-regarded attorney was caught between a rock and a hard place, i.e., two courts equally unwilling to accommodate conflicting trial dates. After reviewing the record, we conclude that counsel did not act unreasonably in the midst of such harsh circumstances. We therefore reverse the district court and order that it vacate its judgment finding counsel in criminal contempt and imposing a $1,600 fine. Defendant to recover costs on appeal.

REVERSED and VACATED.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.