In The Matter of Richard T. MARSHALL,
Appellant.

No. 28083
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 1970.

Joseph A. Calamia, John L. Fashing, El Paso, Tex., for appellant.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Romualdo Cesar Caballero, Atty., Department of Justice, Tax. Div., Criminal Section, Washington, D. C., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I, and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Marshall, an attorney, was found in contempt of court for non-appearance at a scheduled hearing and was fined fifty dollars, apparently under Rule 42, F.R. Crim.P., or under Title 18, U.S.C., Sec. 401(3), or under both.[1] Payment of the fine was stayed pending this appeal. We reverse.

■ While the discretion of a trial judge in a contempt case is broad, certain guidelines must be considered. In contempt cases against lawyers the evidence must be carefully scrutinized in order to insure that there is no undue interference with the attorney-client relation-

1. The nature of the proceedings was not specified by the trial judge.

ship. United States v. Schiffer, 6 Cir. 1965, 351 F.2d 91, 94, cert. denied 384 U.S. 1003, 86 S.Ct. 1914, 16 L.Ed.2d 1017. The Seventh Circuit expressed a similar consideration in Parmelee Transportation Company v. Keeshin, 7 Cir. 1961, 294 F.2d 310, 313:

> "Power to punish for contempt is one which must be used sparingly and only when it is clearly demonstrated that the respondent's conduct is contumacious and tends to bring the administration of justice into disrepute, rather than when his conduct is that of a determined level-headed practitioner who is acting respectfully to the court under considerable pressure in a lengthy and important trial."

Examination of the facts in the instant case in the light of the above comments demonstrates that the appellant's conduct fell far short of contempt of court.

The appellant represented without fee a sixteen year old girl who faced deportation to Mexico unless her American citizenship could be established. Hearing was scheduled for 12:35 P.M., May 14, 1969, before the district judge. The girl's chief witness was a Mexican woman who lived in a Mexican town some thirty to forty miles from El Paso, Texas, where the trial was to be held. This woman was expected to testify, on the basis of a prior affidavit furnished in the administrative deportation hearing, that she was a midwife at the girl's birth which occurred on a Texas ranch near the Mexican border. She remembered the occasion vividly as it was her one and only experience as a midwife.

The appellant had never met or talked with this lead witness. As charity work, a private investigation firm had agreed, but failed, to conduct the preliminary investigation and interview in time for the scheduled hearing and returned the file to the petitioner. The witness was never directly contacted. On the morning of the scheduled trial, the girl and her mother arrived at the appellant's office. They informed him that the witness was ill and could not testify. Marshall stated at the contempt hearing that he had become suspicious of his client's veracity and hesitated to request a postponement when he did not know if the Mexican woman, then in Mexico, was in fact ill.

Marshall called the district judge's office and requested the judge's secretary for postponement until 2 o'clock so that he could contact his witness. The district judge through his secretary refused postponement and directed Marshall to appear at 12:35 and to send someone else after the witness. The petitioner testified that he could not find another Spanish-speaking attorney (Marshall spoke Spanish) on such short notice. Marshall again called the district judge's chambers and talked with his secretary. Marshall requested that he be allowed to send another attorney, Mr. John Fashing, to court while he attempted to contact the witness across the border. Although the record is unclear as to exactly what was said, Marshall understood from this conversation that his request had been granted. He arranged for Fashing to go to court at 12:35 and proceeded into Mexico. He interviewed the witness, found her too ill to be moved to court to testify and returned to El Paso in time to be present in court at 2 o'clock.[2]

■ It is apparent that the above facts wholly fail to support the district court's finding that appellant's nonappearance was prompted by disrespect for the court. It is clear, rather, that he acted from concern for the rights of his client and with due respect for the court. Marshall's painstaking attempts to meet

---

2. Mr. Fashing appeared at the 11:35 trial as Marshall's associate counsel. The government called a witness who was cross-examined by Mr. Fashing. The attorney then moved that the trial be delayed until 2 o'clock that afternoon to allow for Mr. Marshall's return. The court granted the motion but found Marshall guilty of contempt for his non-appearance and assessed a fifty dollar fine. The court later withdrew the summary contempt judgment so that Mr. Marshall might have a hearing on the question of contempt.

the district judge's (or his secretary's) exacting demands and to keep them informed of his plans, clearly disprove any suggestion that his actions were contumacious.

The judgment of contempt is reversed with directions to the lower court to dismiss the proceedings against the appellant.

Reversed with directions.