**In re Royal D. ADAMS, Appellant.**
No. 74–2900
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1974.

Royal D. Adams, San Antonio, Tex., pro se.

William S. Sessions, U. S. Atty., Wayne F. Speck, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant, an attorney, was appointed by a United States magistrate to represent an indigent defendant. Papers confirming a telephonic notification of the appointment were received in appellant's office on April 24, 1974. Typed on the bottom of a form letter accompanying the appointment papers was a notice of a preliminary hearing to be held before

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

the magistrate at 10:00 a. m. on May 6, 1974. When appellant did not appear at the designated time, the magistrate cited him for contempt and certified these facts to the district court. At the hearing to show cause why he should not be held in contempt, appellant explained that his absence had not been intentional. He testified that he had seen the papers that accompanied the notice of appointment when they came to his office but that he did not remember whether he saw the notice of the hearing. He further stated that under his normal office procedure, responsibility for noting court appearances on his desk calendar fell to his secretary. For some reason notation of this hearing had not been made, so that when he checked his calendar on the morning of May 6 he had no reason to believe he needed to be in court. After hearing his explanation, the district court concluded that appellant had demonstrated "reckless disregard" of the magistrate's notice to appear. The court found that appellant's conduct had been contumacious, adjudged him guilty of a criminal contempt and imposed an unconditional 100 dollar fine as a penalty.

The record discloses that the appellant had never before missed a court appearance, and no evidence was offered which demonstrated or inferred that he did not simply overlook the notice of hearing when he examined the papers sent to his office. Such negligence is not to be condoned. It would have justified the imposition of a reprimand, warning, or remedial sanction. However, the finding that this single incident demonstrated reckless disregard of an order of the court sufficient to support an adjudication of criminal conduct and the imposition of a punitive fine is clearly erroneous.[1]

The judgment of the district court is vacated and the cause remanded with directions to remit the penalty imposed.

This action is without prejudice to further disciplinary proceedings related to this matter not inconsistent with this opinion.

Vacated and remanded, with directions.

---

1. The repetition of negligent behaviour increases the potential for interference with the orderly discharge of judicial functions. The failure to adequately guard against its reoccurrence well could warrant criminal penalty. That is not the case before us.