693 F.2d 1171
 THYSSEN, INC., Servicio Agricola Salvadoreno, S.A. and
Disfersa, Plaintiff,
v.
S/S CHUEN ON, her engines, tackle, Etc., et al., Defendants.
John E. GALLOWAY, Appellant,
v.
CHUEN ON SHIPPING CO., S.A. and Showa Line, Ltd., Appellees.
 No. 81-3440
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 20, 1982.
 McGlinchey, Stafford & Mintz, New Orleans, La., for appellant.
 John E. Galloway, pro se.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.
 GARWOOD, Circuit Judge:
 
 
 1
 This is an appeal from an order of the district court fining Appellant, counsel for plaintiff in the main cause, for failing to appear at a preliminary hearing.
 
 
 2
 The record reflects that Appellant John E. Galloway, and Scott Silbert, and the law firm of which they were apparently members, were counsel for the plaintiff in a civil action in admiralty for cargo damage pending in the United States District Court for the Eastern District of Louisiana in New Orleans. Robert Murphy, and the law firm of which he was apparently a member, were counsel for the defendants. By a June 17, 1981 minute entry the district judge ordered that a pretrial conference be held on July 17, 1981, at 8:00 a.m., and notice thereof was apparently directed to Appellant, Silbert, and Murphy. The next relevant matter in the record is the following minute entry signed by the district judge:
 
 
 3
 "A pretrial conference was scheduled for this date.
 
 
 4
 "PRESENT: TIMOTHY BURR, for plaintiff;
 
 
 5
 ROBERT MURPHY, for defendant;
 
 
 6
 "ABSENT: JOHN GALLOWAY, for plaintiff;
 
 
 7
 "Mr. Galloway, counsel of record for plaintiff, failed to appear at the pretrial conference or advise the Court otherwise; instead, Mr. Burr appeared, who is not counsel of record in this case.
 
 
 8
 "Mr. Galloway is fined One Hundred Fifty ($150.00) Dollars to be paid to Mr. Robert Murphy within one (1) week from this date and is not to be refunded in any way to Mr. Galloway.
 
 
 9
 "A pretrial conference will be held Wednesday, August 5, 1981 at 8:30 A.M."
 
 
 10
 This minute entry is dated July 16, 1981, but bears a July 17, 1981 file stamp and on the docket sheet is shown under the date of July 17, 1981.[1] Appellant timely filed notice of appeal from this order, and thereafter a motion for stay, which the district judge denied.
 
 I.
 
 11
 Appellant's motion for stay, which was unopposed, alleged in substance that one of Appellant's law partners, Frederick Campbell, was counsel of record in a case in State Court in Edgard, Louisiana, which was set for trial July 15, 1981. Shortly before July 15, 1981, Campbell was injured and was unable to continue handling the case in Edgard. A motion for continuance in that case being denied, it became necessary for Galloway to try it in place of Campbell. Galloway commenced trying the case in Edgard on July 15. He did not know whether that case would take as long as two days to try. It was not until the evening of July 16, 1981, that it became apparent a third day of trial would be required, and counsel were ordered by the State Court to return to Edgard on July 17, 1981. Galloway therefore contacted Timothy Burr, another lawyer in his office, and asked him to attend the Federal Court pretrial conference on behalf of the plaintiff and in Galloway's stead. Burr attended the July 17 pretrial conference in New Orleans, and Galloway was then in trial in Edgard. These allegations are repeated in Appellant's brief, which also recites that Galloway returned from the trial in Edgard to New Orleans about 8:00 p.m. on July 16, and
 
 
 12
 "... it did not occur to John E. Galloway to call a Federal Judge at home because he could not personally attend a pretrial conference due to a jury trial lasting longer than expected. Rather, it was thought that the appropriate response would be to have another lawyer attend the conference."
 
 
 13
 No Appellees' brief has been filed. We have, however, granted a joint motion to substitute the trial court defendants for Robert Murphy as Appellees herein.
 
 
 14
 The July minute entry is not entirely clear as to whether it is a civil or criminal contempt order. The order itself does not state which it is, although in any event such a self-characterization is not always controlling. Southern Railway Co. v. Lanham, 403 F.2d 119, 124 (5th Cir.1968); Smith v. Sullivan, 611 F.2d 1050, 1053 (5th Cir.1980).[2] We determine that the order is one of criminal contempt.[3]
 
 
 15
 That the order arose out of a civil case and was not rendered pursuant to a formal contempt prosecution initiated by the government, and that the government is not an Appellee here, does not prevent it from being a criminal contempt. Lanham, 403 F.2d at 124-25. Although civil contempts are normally coercive, so that the "penalty" is automatically lifted on compliance, they may also be remedial. Hence, for example, where one party violates a court order rendered for the benefit of another party, the other party, upon successful complaint of the violation, may have a contempt order requiring that the violator reimburse the complainant his actual loss. Northside Realty Associates v. United States, 605 F.2d 1348, 1356 n. 22 (5th Cir.1979); United States v. Rizzo, 539 F.2d 458, 465 (5th Cir.1976). Nevertheless, we do not believe that the fact that the order requires Galloway to pay Murphy the $150 fine requires that it be held to be a civil contempt. Murphy was not a party. Apparently neither he nor any of his clients was a complainant with respect to Galloway's absence from the pretrial conference, and there is no indication he or his clients claimed or were found by the trial court to have been damaged, or damaged to the extent of $150, either by Galloway's absence or by the rescheduling of the pretrial conference. Neither Murphy nor his clients seek to uphold the order. Cf. Northside Realty Associates, 605 F.2d at 1356-57 (civil contempt order normally may not be used to compensate nonparties). We note that a court may order a criminal contempt fine paid to one who has been injured by the act constituting the contempt. 18 U.S.C. Sec. 402. See also Rizzo, 539 F.2d at 462-63. That the provision for the $150 fine to be paid to Murphy does not reflect that the contempt order's purpose was remedial also appears from the fact that the order directs that the $150 "is not to be refunded in any way to Mr. Galloway." This is clearly a punitive, not a remedial, provision. Further, the order states that Galloway is "fined," which has a punitive connotation.
 
 
 16
 Our decisions have held that the ultimate test for determining the civil or criminal character of a contempt order is "the apparent purpose of the trial court in issuing the contempt judgment," a punitive purpose or one "designed to vindicate the authority of the court" establishing the criminal nature of the order, while a coercive or remedial purpose characterizes a civil contempt. Sullivan, 611 F.2d at 1053. We hold that the apparent purpose of the present order was punishment to vindicate the authority of the court, and that it was accordingly a criminal contempt order.[4]
 
 II.
 
 17
 We turn now to the validity of the order as a criminal contempt. It is apparent from the record and the wording of the contempt order that it was made and determined at the scheduled July 17 pretrial conference, without any hearing and in the absence of Galloway and without prior notice to Galloway that he was charged with contempt of any kind or that the matter would be determined at that time. Such a procedure, or lack thereof, is plainly invalid, unless the contempt falls within the purview of Fed.R.Crim.P. 42(a) as a contempt observed or heard by the judge and committed in the actual presence of the court. See, e.g., In re Stewart, 571 F.2d 958, 964-65 (5th Cir.1978); Skinner v. White, 505 F.2d 685, 690 (5th Cir.1974); Sullivan, 611 F.2d at 1053; Rizzo, 539 F.2d at 463-64; Fed.R.Crim.P. 42(b).[5] The Ninth Circuit, rejecting the approach taken by the District of Columbia Circuit in In re Niblack, 476 F.2d 930 (D.C.Cir.), cert. denied, 414 U.S. 909, 94 S.Ct. 229, 38 L.Ed.2d 147 (1973), and following instead such decisions as that of the Sixth Circuit in United States v. Delahanty, 488 F.2d 396 (6th Cir.1973), has held that ordinarily contempt consisting of an attorney's absence from court at a scheduled hearing is not punishable under Rule 42(a). In re Allis, 531 F.2d 1391 (9th Cir.), cert. denied, 429 U.S. 900, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976). The essential reason for this holding is that although the facts of absence and the scheduling of the hearing are within the knowledge and presence of the court, nevertheless, "[A]bsence (tardiness) alone is not contempt. The reasons for the default are important." Id. at 1392 (emphasis added).
 
 
 18
 We adopt the Allis approach and hold that ordinarily Rule 42(a) may not be used to punish an attorney for a contempt consisting of lateness or absence from a scheduled court appearance. While we have not heretofore expressly addressed this question, we believe our present decision logically follows from our prior holdings that the mere fact of absence does not constitute contempt, and that no contempt has been committed if the absence results from good cause or excusable neglect. See e.g., In re Monroe, 532 F.2d 424, 425 (5th Cir.1976) (failure to appear at trial due to engagement in another trial, and failure to timely file a motion for continuance, local counsel being available, was not contempt; "[t]he fact of his inaction does not alone contain the elements of intentional or willful action or flagrant disregard of the court's rules or orders necessary for contempt."); In re Marshall, 423 F.2d 1130, 1131 (5th Cir.1970) ("... facts wholly fail to support the district court's finding that appellant's nonappearance was prompted by disrespect for the court."); In re Adams, 505 F.2d 949 (5th Cir.1974) (missing a preliminary hearing due to simple inadvertence, where no other past similar conduct, does not constitute contempt). Since the reason for the absence, which is an essential element of the contempt, will ordinarily not be known to the court and will involve matters transpiring outside the presence of the court, it follows that in such cases the contempt should not be regarded as one observed or heard by the judge or committed in the presence of the court within the meaning of Rule 42(a).
 
 
 19
 It is at least possible that in some instances of absence or tardiness the reason may be known to the court. Counsel may advise the court that he will not appear for a certain reason, or he may advise the court why he was absent. In such instances, it may be that all the procedures of Rule 42(b) need not be followed.[6] We need not now explore all the potential contours of this hypothetical exception to the general rule of Allis, for here, so far as the record shows, the contempt order was rendered before any explanation of the absence or failure to contact the court was made known to the court, and without any notice or opportunity to be heard whatever, and, indeed, in Galloway's absence.
 
 
 20
 We do not wish to be understood as excusing the conduct of counsel in this case. And, if the hardworking district court became impatient or frustrated in its attempt to expeditiously handle its business, this is certainly understandable. It is difficult to imagine circumstances under which Galloway, if fully attentive to his responsibilities, could not have advised the Federal Court or clerk, at least sometime prior to the end of office hours on July 16, that his State Court trial would likely continue the next day. Simple courtesy and respect for the court would recommend such a course. We observe that the pretrial notice furnished attorneys in the Eastern District of Louisiana provides, among other things:
 
 
 21
 "The Pre-Trial Conference shall be attended by the attorneys who will try the case, unless prior to the Conference the Court grants permission for other counsel to attend.
 
 
 22
 "....
 
 
 23
 "Failure on the part of counsel to appear at the Conference may result in ex parte dismissal of the suit or default or other appropriate sanctions."
 
 
 24
 We also note that Galloway did not seek a new trial or hearing before the district court, or offer to show why the above provisions of the pretrial notice would not be fully applicable to the instant situation. On the face of it, Galloway's conduct appears to leave a good bit to be desired, and may indeed have warranted "a reprimand, warning, or remedial sanction," Adams, supra, or, particularly if his behavior on this occasion is found to actually approximate intentional disrespect or indifference or if he had previously been guilty of similar infractions or otherwise careless or disrespectful in the discharge of his duties as an officer of the court, possibly even imposition of a criminal contempt fine. However, as noted, Galloway was at all events entitled to notice and hearing before being found guilty of, and punished for, criminal contempt. Because no such procedures were afforded, we are obliged to reverse. In doing so, however, we do not foreclose further proceedings below, civil or criminal or both, in respect to the incident in question. Any such proceedings should, of course, clearly reflect their nature, as to whether civil or criminal, and be consistent with this opinion, as well as the other relevant holdings of this Court, including Marshall, supra, Monroe, supra, and Adams, supra.
 
 
 25
 We likewise emphasize that in many instances of attorney absence or tardiness, compliance with Rule 42(b) need not involve any formal or lengthy procedure. Normally, a brief, informal oral notice and hearing will suffice. We fully recognize the need for a district judge to be able not only to control the proceedings in his or her court, but to do so authoritatively, promptly, and efficiently, without being unduly burdened with formalities, technicalities, and time-consuming procedures.[7] The promise for the effective and impartial administration of justice, which is held out by a judge in control of his or her court, must not be broken in practice by inflexible rules which demean the authority of the judge or make the game not worth the candle. As the Allis majority opinion demonstrates, compliance with Rule 42(b) can be achieved without incurring any such cost.
 
 REVERSED AND REMANDED.[8]
 
 
 [1]
 We assume the July 16 date is an inadvertent error
 
 
 [2]
 Whether the contempt be civil or criminal, it is presently appealable, and need not await resolution of the main case out of which it arose, since Galloway is not a party to that case. Lanham, 403 F.2d at 124
 
 
 [3]
 The record does not reflect whether or not the fine has been paid. Even if it has been paid, this would not moot the appeal, since we hold that this is a criminal contempt. In re Stewart, 571 F.2d 958, 966-67 (5th Cir.1978). It may be assumed that ordinarily the discharge of a remedial civil contempt order would moot an attempted appeal therefrom by the person held in contempt. We need not reach the question of whether an exception should be made in this case, were it a civil contempt, by reason of the provision forbidding Murphy (or anyone else) from refunding the amount of the fine to Galloway
 
 
 [4]
 Even if the order had, in addition to its apparent primary punitive purpose, also a secondary, remedial purpose, this would not serve to convert it from a criminal to a civil contempt. Our decisions have stated that where both purposes are present, the order is to be considered as criminal for purposes of review. Sullivan, 611 F.2d at 1053. In re Stewart, 571 F.2d 958, 964 n. 4 (5th Cir.1978). As the punitive purpose is clearly dominant here, if not exclusive, we need not decide whether these authorities would apply where it is evident that the remedial or coercive purpose is heavily dominant. We also note that we are not here dealing with separate "fines" imposed in the same order, some of which may have an exclusively remedial purpose, while others of which are imposed for punitive reasons. See United States v. Rizzo, 539 F.2d at 463, 465
 Our decisions have also held that a contempt order must be set aside if it cannot be determined with adequate assurance whether it is civil or criminal in nature. Skinner v. White, 505 F.2d 685, 688-90 (5th Cir.1974); In re Monroe, 532 F.2d 424, 426 (5th Cir.1976); Sullivan, 611 F.2d at 1054 n. 7. We have determined that the order here is criminal and that it must be reversed and remanded. Were we to hold that the provision that the fine be paid to Murphy rendered the order truly ambiguous with respect to whether it was criminal or civil, we would in any event be obliged to reverse and remand because of such ambiguity.
 
 
 [5]
 Rule 42 provides:
 "(a) Summary Disposition. A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.
 "(b) Disposition Upon Notice and Hearing. A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. He is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment."
 
 
 [6]
 See In re Allis, 531 F.2d 1391 (9th Cir.1976):
 "If an explanation for tardiness is made which is inconsistent with wilful disobedience, a hearing must be held, if the facts are disputed, or, if the explanation is accepted there is no contempt." Id. at 1392 (emphasis added).
 
 
 [7]
 Normally, we would not consider that absence or tardiness respecting a scheduled court appearance so involves "disrespect to" the judge scheduling the hearing and/or presiding at it as to disqualify the judge under Rule 42(b). See Monroe, supra; Marshall, supra; Adams, supra; Allis, supra
 
 
 [8]
 Each party shall bear his own costs on appeal