**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**KS & W OFFSHORE ENGINEERING,**
**INC., Defendant,**

**Joel Kaplan, Appellant.**

**No. 90–3836**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 6, 1991.

Joel Kaplan, pro se.

Robert P. Storch, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before COX and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Appellant Joel Kaplan is an attorney contesting an order finding him in criminal contempt for failing to arrive on time for a scheduled hearing. 18 U.S.C. § 401.[1] We reverse.

The district court scheduled a status conference for the case of *United States v. KS & W Offshore Engineering, Inc., et al.*, Case No. 89–98(S2)–Cr–J–16, for 9:00 a.m. on August 24, 1990. Appellant represented one of the defendants, KS & W Inc., in this suit brought by the Government. Appellant had reservations on a commuter flight that was scheduled to leave Miami at approximately 7:00 a.m. and arrive in Jacksonville sometime before 8:00 a.m. The flight, however, was delayed by 45 minutes and the plane did not arrive in Jacksonville until 8:45 a.m. Upon arrival, appellant immediately called to have the court informed of his position and of the probability that he would be delayed.

When the court called the case at 9:00 a.m., the following discussion ensued:

THE MARSHAL: All rise. The Honorable John H. Moore, II, Judge of the United States District Court. Hear ye, hear ye, hear ye. United States District Court in and for the Middle District of Florida is now in session. All persons having business before this Court draw near, give attention, and you shall be heard. God save the United States and this Honorable Court. Please be seated.

THE COURT: All right, We've got some status conferences this morning and some change of plea hearings. First case is 89–98(S–2) CR–J–16, K S and W— United States versus K S and W Offshore Engineering, Inc., and Milton H. Morizumi. Mr. Storch representing the government.

MR. STORCH: With Mr. Perez, your Honor.

THE COURT: Mr. Lembcke representing Mr. Morizumi and Mr. Kaplan representing Mr. — or the KS & W corporation. Counsel here?

MR. LEMBCKE: Your Honor Charles Lembcke is here on behalf of Mr. Morizumi. I have just—your courtroom clerk indicated to me that he had just received a phone call from Mr. Kaplan at the airport, that his plane just arrived late and he's enroute at the moment.

THE COURT: You mean you didn't tell him about Judge Moore?

MR. LEMBCKE: That's a rather ambiguous question.

THE COURT: You didn't tell him what a mean so-and-so I am and that he should be here on time and I expect lawyers to be professional and be here on time?

MR. LEMBCKE: Your Honor, I told him that you had expectations but I didn't tell him that you were mean and unreasonable.

THE COURT: Well, I didn't say unreasonable.

MR. LEMBCKE: I didn't—

THE COURT: I expect lawyers to be professional and be here on time. His plane just landed at the airport, huh?

MR. LEMBCKE: I don't know; Mr. Courson conveyed a message to me. And his plane was due in at 8:15, I believe, or 8 o'clock.

THE COURT: What day? I'm not giving you a hard time; I'll get to that later.

MR. LEMBCKE: The 24th, today.

THE COURT: All right, we'll defer that until Mr. Kaplan gets here, and then we'll have some fun.

The court recalled the case at 10:15 a.m. and questioned appellant about his tardiness.

THE MARSHAL: All rise. This Honorable Court is again in session. Be seated, please.

---

**1.** Power of court

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
(2) Misbehavior of any of its officers in their official transactions;
(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

THE COURT: All right. We're back to 89–98(S–2)CR–J–16, United States versus KS and W and Morizumi. Mr. Storch and Mr. Perez for the Government; Mr. Lembcke and Mr. Kaplan. Mr. Kaplan and Mr. Lembcke, respectively, for the defendants.

Mr. Kaplan, before we start, it's time that I ask you why you were late this morning and why you shouldn't be held in contempt.

MR. KAPLAN: May I approach the podium, Judge?

THE COURT: Yes, sir.

MR. KAPLAN: Judge, I weeks ago made a reservation on US Air, Flight 214 to come up this morning. Flight 214 was scheduled to leave at 7:05 with an arrival time approximately one hour later. The—I arrived at Miami International Airport this morning about 6 o'clock, so as to make sure that I was there. The plane did not leave till about a quarter of eight, arriving here about quarter of nine, and I got off the plane and I called Mr. Lembcke's office asking them to call your office to advise you that I was running a few minutes late. I didn't have your office's telephone number with me. Got in a cab and came here. Got here, according to Mr. Lembcke, about twelve after nine.

I apologize to the Court. I thought—I had not had any problems making flights or with flights being late coming between South Florida airports and Jacksonville previously, and I—that's about it, Judge.

THE COURT: Counsel, when I was a circuit judge in Fort Lauderdale,—and I had a lot of Miami lawyers before me in Fort Lauderdale—I would suspect that 95 percent of them had flat tires on I–95 and they were late getting to court. Since I have been a federal judge and I have Miami lawyers coming up here, every one of them tells me that the plane was late. And that's almost without exception. I assume they weren't flying yesterday because it was bad weather or the planes were all down or whatever. But in running this courtroom, I expect lawyers to be here, be professional, be here the night before, if necessary, and not wait until the last minute to catch a plane to get here and be here on time. Now is there any reason why I shouldn't hold you in contempt for not being here at nine o'clock?

MR. KAPLAN: Judge, I can assure the Court that the plane was in fact late.

THE COURT: I don't care whether the plane was late. It's your obligation to be here at nine o'clock.

MR. KAPLAN: I apologize for not being here, Judge.

THE COURT: Well, I will accept your apology, but I'm still going to hold you in contempt. Now, do you have anything to say—which I hereby do—do you have anything to say as to why I should not proceed with sentencing?

The court thereafter entered a written order of contempt and imposed a $200 fine to be paid by the end of the day. Although the judge did not indicate whether the charge was criminal or civil in nature, we have uniformly regarded the imposition of a penalty against attorneys for a punitive purpose as a criminal contempt sanction. *United States v. Turner,* 812 F.2d 1552, 1562–63 (11th Cir.1987); *United States v. Nunez,* 801 F.2d 1260, 1263 n. 2 (11th Cir. 1986); *Thyssen, Inc. v. S/S Chuen On,* 693 F.2d 1171, 1173 (5th Cir.1982).

Appellant argues two points on appeal, both of which are correct. *First,* he maintains that the district court improperly employed the summary contempt procedures of Federal Rule of Criminal Procedure 42(a). Contempt sanctions for failure to appear or untimely appearance should be imposed under Rule 42(b), which deals with actions conducted outside the presence of the court. *Second,* appellant suggests that regardless of the procedure used, there was insufficient evidence to support a finding of criminal contempt.

██ Although the Government raises a superficial challenge on the first point, it is fairly well settled in this Circuit that absent extraordinary circumstances, district courts are to proceed under Rule 42(b) in situations such as this. *Nunez,* 801 F.2d

at 1263–65 (attorney's failure to appear is generally not subject to summary contempt); *United States v. Baldwin*, 770 F.2d 1550, 1555 (11th Cir.1985), *cert. denied sub nom., Jackson v. United States*, 475 U.S. 1120, 106 S.Ct. 1636, 90 L.Ed.2d 182 (1986); *In re Stewart*, 571 F.2d 958, 964–65 (5th Cir.1978). Rule 42(a) is designed to address contumacious conduct which is committed fully within the presence of the court.[2] Such summary powers are essential for the maintenance of control within the courtroom. When an attorney fails to appear or makes a delayed appearance, however, the conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay. *Nunez*, 801 F.2d at 1264. Accordingly, as a general rule, attorneys charged with contempt for failure to appear should receive notice of the proceeding and an opportunity to obtain counsel and present evidence challenging the sanction under the procedures outlined in Rule 42(b).[3]

■ Assuming, however, that this is one of those cases where the reasons for the late appearance are sufficiently known to the judge so that all the procedures of Rule 42(b) need not be followed, *Nunez*, 801 F.2d at 1264; *Thyssen, Inc.*, 693 F.2d at 1175, there simply is not sufficient evidence to support the criminal contempt charge. The essential elements of criminal contempt are a lawful and reasonably specific order of the court and the willful violation of that order. *Turner*, 812 F.2d at 1563. The attorney, therefore, must either intentionally violate the court's order or must exhibit conduct which constitutes reckless disregard for the orders of the court. *United States v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir.1989). Negligent, accidental, or inadvertent violation of an order is insufficient.

■ Absent some prior court order or announced policy, the decision to take a plane scheduled to arrive an hour before the start of the status conference does not exhibit a willful disregard for the administration of justice. Appellant stated that he had never had problems with late flights from Miami before. Whether it would be unreasonable for a court to require attorneys to bear the expense of arriving a day before a status conference is not an issue before us.

There is nothing in the record to indicate that this attorney is habitually late or that he has ever been late for any proceeding in the past. Such evidence might suggest a generalized disregard for the court and for the necessity of punctuality warranting the imposition of sanctions. *See, e.g., In re Allis*, 531 F.2d 1391 (9th Cir.), *cert. denied*, 429 U.S. 900, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976). Absent a showing of either specific or general intent, however, a charge of criminal contempt cannot stand. *Sykes v. United States*, 444 F.2d 928, 930 (D.C.Cir. 1971) (attorney who simply forgot trial did not intentionally violate court order and could not be held in contempt).

Appellant's action might "have justified the imposition of a reprimand, warning or remedial sanction. However, the finding

**2. Rule 42. Criminal Contempt**

(a) **Summary Disposition.** A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record.

**3. Rule 42. Criminal Contempt**

(b) **Disposition Upon Notice and Hearing.** A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. The defendant is entitled to a trial by jury in any case in which an act of Congress so provides. The defendant is entitled to admission to bail as provided in these rules. If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the trial or hearing except with the defendant's consent. Upon a verdict or finding of guilt the court shall enter an order fixing the punishment.

that this single incident demonstrated reckless disregard of an order of the court sufficient to support an adjudication of criminal conduct and the imposition of a punitive fine is clearly erroneous." *In re Adams,* 505 F.2d 949, 950 (5th Cir.1974).

REVERSED and REMANDED.