943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin K. RICKETT, Sr., Petitioner-Appellant,
v.
Norman D. HAYWARD, Sheriff, Salt Lake City, Respondent-Appellee.
 No. 91-4020.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Calvin K. Rickett, Sr., a resident of Utah, did not file state income tax returns for the years 1982 to 1988. Upon request of the Utah State Tax Commission, a state district court issued a mandate compelling petitioner to file the tax returns. Petitioner refused to comply with the mandate and was held in civil contempt and incarcerated. See Utah Code Ann. § 78-32-12 (1987 Repl.Vol.) (civil contempt statute). While incarcerated, he petitioned for habeas corpus pursuant to 28 U.S.C. § 2254. He now appeals from the district court's dismissal of the petition for failure to exhaust state remedies.
 
 
 2
 The district court correctly dismissed the petition for lack of exhaustion; petitioner has not demonstrated that available state remedies have been exhausted. See 28 U.S.C. § 2554(b) & (c); Rose v. Lundy, 455 U.S. 509 (1982). Moreover, because petitioner has since purged the civil contempt by filing the required returns and has been released from custody, his habeas claims are now moot. "[O]nce a civil contempt order is purged, no live case or controversy remains for adjudication." In re Campbell, 628 F.2d 1260, 1261 (9th Cir.1980). See also In re Hunt, 754 F.2d 1290, 1293 (5th Cir.1985) ("Generally, the discharge of a civil contempt moots any appeal of the contempt judgment.") (citing Thyssen, Inc. v. S/S Chuen On, 693 F.2d 1171, 1173 n. 3 (5th Cir.1982)). And there are no collateral consequences which have survived petitioner's release from incarceration. See Lane v. Williams, 455 U.S. 624 (1982); Broughton v. North Carolina, 717 F.2d 147 (4th Cir.1983), cert. denied, 466 U.S. 940 (1984). Because petitioner's claims are moot, we must DISMISS the appeal for lack of jurisdiction.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3