**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30799
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff,

VERSUS

LARRY R. DALIET, et al.,

Defendants,

YVONNE L. HUGHES,

Movant-Appellant.



_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(CR-95-153-N)
_____

July 2, 1996

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Yvonne Hughes appeals a $500 contempt sanction imposed for her

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to appear at a scheduled hearing.  Because the court imposed the sanction without conforming to the requirements of FED. R. CRIM. P. 42(b), we vacate and remand.

## I.

Hughes represents Larry Daliet in the underlying criminal case.  The district court scheduled Daliet's rearraignment for July 26, 1995, at 3:00 p.m.  All the necessary parties appeared at the appointed time except Hughes, who maintains that she was then in state court and unable to leave.  The district court cited Hughes for failing to appear and imposed the sanction.

## II.

Initially, we must determine whether the contempt order was civil or criminal.  Civil contempt orders are not usually immediately appealable, while criminal contempt orders are.  *Lamar Finan. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990).

A contempt order's primary purpose is determinative.  *FDIC v. LeGrand*, 43 F.3d 163, 168 (5th Cir. 1995).  If the purpose is punitive, the order is criminal.  *Id*.  If its purpose is simply to coerce compliance or to compensate another party for the contemnor's violation, the order is civil.  *Lamar*, 918 F.2d at 566. A key issue is whether the sanction is absolute or contingent on the contemnor's future actions.  *LeGrand*, 43 F.3d at 168.

2

The fine for contempt was because Hughes failed to appear at the rearraignment and thus was not contingent upon any future action on Hughes's part.  Accordingly, the sanction was criminal, and we have jurisdiction.

III.

A judge may impose criminal contempt sanctions in two ways. If he saw or heard the conduct constituting contempt and the conduct was committed in the court's presence, the judge may impose sanctions summarily.  FED. R. CRIM. P. 42(a).  In all other cases, he may impose sanctions only after providing the accused contemnor with notice of a hearing, allowing a reasonable time for preparation of a defense, and informing the contemnor of the essential facts constituting the charged contempt.  *Id.*

The court imposed the sanction summarily, apparently relying on rule 42(a).  We have previously held, however, that rule 42(a) generally should not be used to punish an attorney for failing to appear.  *See Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1175 (5th Cir. 1982) (stating that "ordinarily Rule 42(a) may not be used to punish an attorney for a contempt consisting of lateness or absence from a scheduled court appearance"); *see also United States v. Onu*, 730 F.2d 253, 254 (5th Cir.) ("The failure of a lawyer to appear for a trial is not a contempt committed in the presence of the court.  Therefore it may be prosecuted only on notice, as

3

prescribed by Fed.R.Cr.P. 42(b) . . . ."), *cert. denied*, 469 U.S. 856 (1984). Summary contempt dispositions are reserved for rare cases such as threatening a judge or disrupting a court proceeding. *Id.* at 255.

The district court erred by relying on summary contempt proceedings to punish Hughes. We therefore VACATE the order imposing sanctions and REMAND so that the district court may accord Hughes the notice and hearing required by rule 42(b).