United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-30502
Summary Calendar
_____

VICTORIA M. CRANFORD,

Movant-Appellant.

----------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 03-MC-5
----------------------

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Victoria M. Cranford appeals the district court's order holding her in contempt of court and imposing a $10,000 fine for her tardiness in appearing for a sentencing hearing. She argues that the order should be vacated because it is not possible to determine whether the order is civil or criminal in nature. Because the apparent purpose of the order was punitive or "designed to vindicate the authority of the court," and because the extremely large amount of the fine also indicates that the order was punitive, we consider the order to be a criminal contempt order for purposes of appellate review. See FDIC v. LeGrand, 43 F.3d 163, 168 (5th Cir. 1995); see also Thyssen, Inc. v. S/S Chuen On, 693 F.2d 1171, 1173-74 (5th Cir. 1982).

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court improperly found Cranford in contempt through the summary disposition procedure of FED. R. CRIM. P. 42(b). See Thyssen, 693 F.2d at 1174-75 (summary disposition "ordinarily ... may not be used to punish an attorney for a contempt consisting of lateness or absence from a scheduled court appearance" because "the mere fact of absence [or lateness] does not constitute contempt"). Further, the district court did not make findings that Cranford's tardiness violated 18 U.S.C. § 401, in that it involved (1) misbehavior, (2) in or near the presence of the court, (3) with criminal intent, and (4) that resulted in an obstruction of the administration of justice. See American Airlines, Inc. v. Allied Pilots Ass'n, 968 F.2d 523, 531 (5th Cir. 1992). Nor did the district court provide notice to Cranford that the proceedings were criminal in nature. See Lamar Fin. Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990).

Therefore, the district court's order is REVERSED and this case is REMANDED for further proceedings pursuant to FED. R. CRIM. P. 42(a).

REVERSED and REMANDED