# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2011

No. 10-10273

Lyle W. Cayce
Clerk

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee

v.

ADLEY H. ABDULWAHAB, also known as Adley Wahab,

Defendant-Appellant

v.

VERNON T. JONES, JR.,

Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-499

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Adley H. Abdulwahab was an officer and employee of W. Financial Group, LLC. Plaintiff-Appellee, the Securities and Exchange Commission (the "SEC"), filed a complaint in 2008 against the W. Financial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10273

Group, Abdulwahab, and his former business partners, alleging various counts of securities fraud. Ultimately, the district court granted the SEC's motion for summary judgment. Abdulwahab appeals the district court's summary judgment as well as a contempt order issued against him, and its denial of additional fees to an accounting firm hired to provide an accounting of one of W. Financial Group's accounts. We affirm the summary judgment and reject Abdulwahab's two other issues on appeal which present serious justiciability problems.

In the course of the district court proceeding, Abdulwahab consented to the entry of an interlocutory judgment which specified, *inter alia*, that he would "be precluded from arguing that the federal securities laws were not violated as alleged in the [SEC's] complaint." He now asserts that the language of the interlocutory judgment allows him to "argue" that he was not personally liable for the violations of securities law and that the district court therefore erred in relying on the interlocutory judgment as a basis for summary judgment. As the interlocutory judgment explicitly incorporates as true the allegations in the SEC's complaint — including allegations that Abdulwahab was directly responsible for the securities violations — we conclude that the district court did not err when it granted summary judgment in favor of the SEC.

Because of Abdulwahab's repeated failures to comply with its orders regarding his assets, the district court ultimately held Abdulwahab in civil contempt. He challenges that contempt order in the instant appeal. His challenge, however, raises an issue of justiciability. As we have noted before, "[g]enerally, the discharge of a civil contempt order by the person held in contempt moots any appeal of the contempt judgment."[1] Because we hold that the contempt order in the instant case is civil and accept the parties'

---

[1] *In re Hunt*, 754 F.2d 1290, 1293 (5th Cir. 1985) (citing *Thyssen, Inc. v. S/S Chuen On*, 693 F.2d 1171, 1173 n.3 (5th Cir. 1982)).

No. 10-10273

representations that Abdulwahab has discharged all of his obligations, we conclude that his appeal on this issue is moot.

Finally, Abdulwahab challenges the district court's decision to deny payment of additional fees from the receivership to Max M. Wayman & Associates ("MWA"), an accounting firm responsible for preparing a report to assist the district court in understanding the flow of the funds of W. Financial Group. Abdulwahab, however, lacks standing to pursue this appeal because he cannot demonstrate an injury-in-fact to himself stemming from the denial of MWA's fees, at least not one that rises above a speculative level. "[A] party generally may not appeal a district court's order to champion the rights of another, and even '[a]n indirect financial stake in another party's claims is insufficient to create standing on appeal.'"[2]

As the district court correctly relied on the interlocutory judgment when it granted summary judgment to the SEC, we affirm that judgment. Additionally, we dismiss Abdulwahab's appeal of the contempt order and the denial of fees to MWA because the former is moot and Adbulwahab lacks standing to appeal the latter.

AFFIRMED in part; DISMISSED in part.[3]

---

[2] *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994) (alteration in original) (quoting *Morrison-Knudsen Co. v. CHG Int'l, Inc.*, 811 F.2d 1209, 1214 (9th Cir. 1987)).

[3] Abdulwahab shall bear the costs of this appeal.